IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BOB CLICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-CV-00108-BL |
| | § | |
| STATE FARM LLOYDS | § | |
| and RON ALLEN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER AND OPINION

On June 8, 2017, Plaintiff Bob Click filed suit in state court against Defendant State Farm Lloyds alleging breach of contract, violations of the Deceptive Trade Practices Act ("DTPA"), a claim of fraud, violations of the Texas Department of Insurance Bill of Rights, and requesting a declaratory judgment. State Farm Lloyds removed the action to federal court based on diversity jurisdiction on July 21, 2017, amended the notice of removal on the same date, and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)6 for failure to state a claim on July 28, 2017. Click then filed two amended complaints on August 16 and 17, 2017 without seeking leave of court and without the consent of the defendant, adding Ron Allen as a second defendant. The first amended complaint (Doc. 9) is therefore valid by rule permitting amendment within 21 days of a 12(b)(6) motion, but the second (Doc. 10) was filed without the leave of court or the leave of the opposing party and is not otherwise permitted by rule. It appears, however, that the second amended complaint is identical to the first amended complaint except that it contains a notice of

service required by Local Rule missing from the first amended complaint. The first amended complaint will therefore be unfiled, and this order will refer to the second amended complaint (Doc. 10) as simply the amended complaint.

State Farm and Allen filed a joint answer to the Second Amended Complaint on September 6, 2017 and again moved to dismiss most claims in the complaint under Rule 12(b)6 on September 18, 2017. Click then filed a motion to remand the case to state court on September 26, 2017. Click responded to the amended motion to dismiss on September 28, 2017, prompting a reply from State Farm and Allen on October 12. The defendants then responded to the motion to remand on October 16, the last filing relevant to any pending motions.

Therefore, the amended motion to dismiss and the motion to remand are both fully briefed and ready for decision. Before reaching the merits of the motion to remand or the amended motion to dismiss, **IT IS ORDERED** that the first entry of the amended complaint (Doc. 9) be **UNFILED** and that the first motion to dismiss (Doc. 5) is **DENIED as moot**, as Click amended the complaint and the Defendants have also jointly moved to dismiss that amended complaint.

## I. BACKGROUND

In June 2015, Click's home suffered water damage. At the time, Click owned a property insurance policy issued by State Farm Lloyds which covered property damage to his home, including water damage. Click filed a claim for the water damage with State Farm, which determined the policy covered the claim. State Farm made two estimates as to the amount needed to cover repairs, but Click objected that the quotes of $9,015.05 and $11,824.76 were insufficient. Ron Allen, the claim adjuster, suggested that a local repair company prepare an estimate for consideration, but Click reported that the suggested company had already inspected the damage and decided it could not repair the damage. At Allen's request, the company inspected Click's

home again and quoted $18,288.39 to repair the damage, although Click maintains that the company verbally asserted it would not repair the property but prepared the quote for Allen as a favor.

At Allen's request, Click prepared his own quote four months, and submitted an estimate at $82,819.29. Allen declined to use that estimate, although State Farm increased its payout to $25,741.14. Click contends this amount is insufficient to comply with the policy agreement, and that State Farm's delay in fully compensating him for the damages gives rise to liability for physical injury and mental anguish.

## II. LEGAL STANDARDS

### A. Removal

A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over all civil actions provided there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 335 F.3d 853, 857 (5th Cir. 2003). The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 377 (5th Cir. 2010). In determining federal jurisdiction, the court's "inquiry is limited to examining the case 'as of the time it was filed in state court.'" *Standard Fire Ins. Co. v. Knowles*, ⎯⎯ U.S. ⎯⎯, 133 S. Ct. 1345, 1349 (2013) (quoting *Wis. Dep't of Corr. v. Schact*, 524 U.S. 381, 390 (1998)).

## B. Failure to State a Claim

"To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, quotation marks, and brackets omitted). Although a court must accept as true all factual allegations in the complaint when considering a 12(b)(6) motion, factual allegations must support the legal conclusions. *See Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).[1] The court should "not strain to find inferences favorable to the plaintiffs and … not accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (fifth Cir. 2005) (internal citations and quotation marks omitted).

---

[1] Click cites to *Twombly* and *Iqbal* in his response, but confusingly also asserts caselaw from before those decision, such as statements that 12(b)(6) motions are viewed with disfavor. Such a statement relies on outdated precedent and should not be suggested as the grounds for denying a 12(b)(6) motion to dismiss.

## III. ANALYSIS

Both the motion to remand and the motion to dismiss are jurisdictional questions, but deciding the motion to remand might foreclose deciding the motion to dismiss, and so it is considered first.

### Motion to Remand

In the amended complaint, Click added Ron Allen as a defendant, alleging a *quantum meruit* claim. Because Click and Allen both reside in Texas, Click believes this defeats federal diversity jurisdiction and necessitates remand to state court.

State Farm points out that the motion to remand came beyond the 30 days following removal, which is the time permitted for such a motion by 28 U.S.C. Section 1447(c). Furthermore, as noted earlier, the state court complaint determines federal jurisdiction in a removed case, and so Click's amendment naming Allen is immaterial to a decision to remand. Because Allen is not a named defendant in the state court complaint, diversity jurisdiction exists as Click and State Farm do not share citizenship of any state and the amount in controversy exceeds the statutory requirement. Even were this not true, the motion to remand is untimely. For those reasons, Click's motion to remand this case is **DENIED**.[2]

### Motion to Dismiss

State Farm brings this motion to dismiss alleging that the amended complaint does not meet the federal pleading standard as articulated by *Twombly* and *Iqbal* and the heightened pleading standard for claims of fraud under Federal Rule of Civil Procedure 9(b). (Doc. 17).

---

[2] State Farm also asserts that Click fraudulently joined Allen to defeat diversity jurisdiction, but it is unnecessary to address that argument in this case given the other facts.

## A. Deceptive Trade Practices Act

State Farm first claims Click insufficiently pleaded the allegations of violation of the Texas DTPA. (Doc. 17, 9). The relevant portions of the complaint which are more substantial than merely reciting the statutory text read that State Farm violated three "laundry list" provisions of the DTPA and intentionally and knowingly violated the DTPA and were a producing cause of Click's damages. (Doc. 10, 11). Although the section purports to contain a reference to "each and every averment of fact contained in the preceding paragraphs as if set forth herein at length[,]" Click does not explain how his alleged facts support any violations. Under the federal pleading standard, throwing out a narrative account of the facts and then separately citing to statutes but putting the onus on the court or defendant to determine which facts might support which legal claims is deficient pleading.

Click does not allege in the complaint how State Farm purportedly made its misrepresentations, other than a repeated general reference to advertising materials claiming to fully restore the insured following a loss. Even if this court were inclined to search his factual background section of the complaint for what he might construe as misrepresentations, Click would still be required to plead facts showing the other elements of these claims. Reading the complaint most favorably to Click and inserting natural factual assumptions, Click argues that a common element of the three "laundry list" violations cited by Click is the purported difference between the policy as advertised and State Farm's unwillingness to pay Click the full amount of his estimated damages. This argument is unsound: the insured cannot decide that the multiple estimates prepared by an adjustor are insufficient, provide his own estimate, and then claim that

the insurer violates the DTPA by declining to pay out the total of his estimate, whether or not the insurer advertised the policy as compensating for all loss.

Furthermore, the "laundry list" sets out several examples of deceptive or misleading behavior under the DTPA, but Click does not contend he was misled or deceived, instead appearing to argue that by advertising complete reimbursement, the insurer must pay out any amount the insured feels entitled to. Click has at least constructive knowledge this is not how property insurance operates: in his complaint, he notes that he "has been in the construction industry all his life, ... [and] has substantial experience and expertise in the construction industry, including preparing estimates and completing all types of water damage repairs ... over the years." (Doc. 10, 7). Click has failed allege sufficiently that State Farm acted to deceive or defraud him, instead citing the DTPA provisions generally and asking the court to infer a supporting factual allegation based upon advertising puffery; this claim cannot survive the motion to dismiss.

**B. Bad Faith**

As Click notes, pleading a bad faith claim requires showing the existence of an insurance contract which created a duty of good faith, a breach of that duty by a denial or delay of payment when liability was reasonably clear, and such a breach proximately caused damages. *See, e.g. State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997). However, a bona fide coverage dispute or dispute about the amount of loss does not give rise to liability for this tort. *Id.* Click has not shown that State Farm breached the duty of acting in good faith: in his complaint, he asserts that they revised their estimate upwards twice, and the final payout was greater than any estimate provided by any entity other than Click. Click pleads, at most, a bona fide dispute about the amount of loss, and so does not sufficiently plead the bad faith claim in his complaint.

### C. Insurance Bill of Rights

Click concedes that the Insurance Bill of Rights does not authorize a private cause of action, but instead argues that the Bill of Rights dictates an interest amount to be applied to any judgment. (Doc. 19, 19). If such a judgment becomes appropriate, Click may contend that the interest is set at that level, but this claim is not sufficiently pleaded to the extent it asserts a separate and independent cause of action.

### D. Quantum Meruit

*Quantum meruit* is an equitable remedy by which a party seeks reasonable value for work performed outside a contractual relationship. "Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished[, and] this remedy is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *Copeland v. D&J Construction LLC*, 2016 WL 1212128 at *4 (N.D. Tex. Feb. 16, 2016; R&R adopted in full Mar. 28, 2016) (cleaned up).[3] A *quantum meruit* claim exists when a plaintiff has provided valuable services or materials to a defendant who accepts and uses those services or materials with reasonable notice the plaintiff expected to be paid by the defendant. *Id.*

The *quantum meruit* claim here fails for two reasons: a contract covers the work provided, and Allen did not use the service provided by Click. State Farm contends that the "written insurance contract expressly covers all of the issues in this case" and so the *quantum meruit* claim fails. (Doc. 20, 3). Click never contends with the contractual issues of this claim.[4] Additionally,

---

[3] This order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See, e.g., United States v. Reyes*, ___ F.3d ___, 2017 WL 3262281, at *4 (5th Cir. Aug. 1, 2017); *Smith v. Kentucky*, 520 S.W.3d 340, 354 (Ky. 2017); *I.L. v. Knox County Board Of Education*, No. 3:15-CV-558, 2017 U.S. Dist. LEXIS 92257, at *24 & n.4 (E.D. Tenn. June 15, 2017).

[4] It is also possible that a *quantum meruit* claim would fail because there is a more direct contractual relationship between Allen and Click: Click's complaint asserts that Allen requested an estimate from Click—offer—and that Click submitted such a bid—acceptance—"in accordance with their agreement"—meeting of the minds. The facts

"Ron Allen declined to use Plaintiff Click's estimate[,]" which is a required element. (Doc. 10, 8). Therefore, Click has not sufficiently pleaded a *quantum meruit* claim against Allen.

### E. Declaratory Judgment

Click seeks a declaratory judgment as to the validity and enforceability of the insurance contract and the resulting rights and obligations, as permitted by 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 in federal courts and the Uniform Declaratory Judgments Act when applying substantive Texas law. Tex. Civ. Prac. & Rem. Code Chapter 37. Although Click asserts an actual controversy regarding the rights and duties under the insurance contract, he has not provided the policy or any argument based on its text as to its terms. (Doc. 19, 20-21). This claim is therefore premature, but might be refiled if properly supported later. *See* Uniform Declaratory Judgments Act § 37.008.

### F. Additional and/or Exemplary Damages

Click correctly asserts that the law permits him to seek additional or exemplary damages for some violations or the DTPA or for the tort of bad faith, but—as shown above—he does not sufficiently plead those underlying claims. (Doc. 19, 21). Any damages sought for violating that tort or the DTPA are therefore also insufficiently pleaded and dismissed in conjunction with the deficient claims.

---

asserted by Click would support an inference of consideration as well, possibly resulting in an enforceable contract between the two, which would prevent a *quantum meruit* claim. However, this avenue need not be considered: Click does not contest that the written policy contract governs, instead reciting the elements of a *quantum meruit* claim but making no mention of any contract or lack thereof.

## IV. CONCLUSION

For the reasons above:

the Clerk of Court is directed to **UNFILE** the first amended complaint (Doc. 9) as it did not comply with the Local Rules;

the motion to dismiss filed on July 28, 2017 (Doc. 5) is **DENIED as moot**, given the intervening amended complaint (Doc. 10) and superseding motion to dismiss (Doc. 16);

the motion to remand (Doc. 18) is **DENIED** as time-barred and on other jurisdictional grounds;

and the motion to dismiss filed September 18, 2017 is **GRANTED** and the claims in the complaint therein are **DISMISSED with prejudice**, except the declaratory judgment claim which is **DISMISSED without prejudice**. A judgment consistent with this opinion will be entered on even date.

**SO ORDERED.**

Dated March 13, 2018.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**